**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4483**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN DAVID PANNELL, a/k/a P,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden II, District Judge. (CR-02-6)

_____

Submitted: January 23, 2004      Decided: March 25, 2004

_____

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marvin David Pannell appeals his convictions and sentences following his guilty plea to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that in his view, there are no meritorious issues for appeal. Pannell was notified of his opportunity to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

The sole issue asserted in counsel's brief is that Pannell received ineffective assistance of counsel in relation to his guilty plea because he was not advised of the elements of carrying a firearm in relation to a drug trafficking crime. The record discloses, however, that the district court conducted a thorough colloquy under Fed. R. Crim. P. 11 in accepting Pannell's guilty plea. The court advised Pannell of the elements of the offenses to which he was pleading guilty and concluded that Pannell understood them. The court also thoroughly apprised Pannell of the trial rights he was giving up in pleading guilty and the possible sentences he faced. Pannell stated that he was entering his guilty plea voluntarily and that he was satisfied with the services of his attorney. Because ineffective assistance of counsel is not apparent on the face of the record on appeal, such a claim should

be asserted on collateral review.  See <u>United States v. DeFusco</u>, 949 F. 2d 114 (4th Cir. 1991).

We have, as required by <u>Anders</u>, reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Pannell's convictions and sentences.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If Pannell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>